456 F.2d 6
 In the Matter of Carolyn BRADLEY et al.,
v.
The SCHOOL BOARD OF the CITY OF RICHMOND, VIRGINIA, et al., Appellees,
v.
The SCHOOL BOARD OF CHESTER-FIELD COUNTY et al., Appellants.
In the Matter of Carolyn BRADLEY et al.,
v.
The SCHOOL BOARD OF the CITY OF RICHMOND, VIRGINIA, et al., Appellees,
v.
The SCHOOL BOARD OF HENRICO COUNTY et al., Appellants.
In the Matter of Carolyn BRADLEY et al.,
v.
The SCHOOL BOARD OF the CITY OF RICHMOND, VIRGINIA, et al., Appellees,
v.
The STATE BOARD OF EDUCATION OF the COMMONWEALTH OF VIRGINIA
et al., Appellants.
 Nos. 72-1058 to 72-1060.
 United States Court of Appeals,
Fourth Circuit.
 Feb. 8, 1972.
 
 1
 Norman J. Chachkin, New York City, Louis R. Lucas, Memphis, Tenn., for Carolyn Bradley and others.
 
 
 2
 Conrad B. Mattox, Jr., City Atty., Daniel T. Balfour, Asst. City Atty., Richmond, Va., for Richmond City.
 
 
 3
 George B. Little, John H. O'Brion, Jr., Richmond, Va., for Richmond School Board.
 
 
 4
 Walter E. Rogers, Frederick T. Gray, Richmond, Va., for Noel Austin and others.
 
 
 5
 J. Segar Gravatt, Blackstone, Va., for School Bd. of Chesterfield County.
 
 
 6
 Andrew P. Miller, Atty. Gen. of Va., Richmond, Va., for State Bd. of Ed. and Superintendent of Public Instruction.
 
 
 7
 J. Mercer White, Jr., County Atty., Henrico County, L. Paul Byrne, Richmond, Va., R. D. McIlwaine, III, Petersburg, Va., for Henrico County Bd. of Supervisors and Henrico County School Board.
 
 ORDER
 
 8
 Upon consideration of the motion for a stay of the order of the District Court, 338 F.Supp. 67, and the responses, and of the motions to accelerate the appeal, and the responses,
 
 It is now ordered:
 
 9
 That the Virginia State Board of Education and Dr. Woodrow W. Wilkerson, State Superintendent of Public Instruction, direct and coordinate planning for a merger of the school divisions of the City of Richmond and Henrico and Chesterfield Counties, encompassing all phases of the operation and financing of a merged school system, to the end that there will be no unnecessary delay in the implementation of the ultimate steps contemplated in the order of the District Court, in the event that the order is affirmed on appeal. To that end, but with regard for the efficient current operation of each of the three separate divisions, the Virginia State Board of Education and Dr. Wilkerson may require the three separate school divisions to supply administrative and staff assistance to develop and assemble data information and tentative plans looking toward implementation of the District Court's order. If deemed advisable, they may direct the formation of a provisional school board for the merged division and employ such outside administrators and assistants as may be deemed practical. Except such costs as are properly attributable to the Virginia State Board of Education and the Office of the State Superintendent of Public Instruction, all necessary costs incurred in connection with the development of such plans shall be shared by the three school divisions in proportion to the number of pupils in each division.
 
 
 10
 Except as provided above, the order of the District Court is stayed pending the hearing of the appeals on the merits and, subject to the further order of this Court, thereafter pending a determination of the appeals on the merits.
 
 
 11
 The appeals are accelerated. An opening brief shall be filed by each party on or before Wednesday, March 22, 1972, and each party may file a reply brief on or before Wednesday, April 5, 1972.
 
 
 12
 The appeals will be scheduled for hearing before the Court en banc during the week beginning April 10, 1972.
 
 
 13
 Any party has leave to suggest to the Court any modification of this order which it deems essential, and continuance of the stay order will be considered by the Court after the hearing of the appeals on the merits.
 
 
 14
 By direction of Chief Judge HAYNSWORTH and Circuit Judges CRAVEN, RUSSELL and FIELD.*
 
 WINTER, Circuit Judge (dissenting):
 
 15
 While my brothers purport to assure that there will be "no unnecessary delay in the implementation of the ultimate steps contemplated in the order of the District Court, in the event that the order is affirmed on appeal," they articulate no reason why the district court's order should be stayed almost in toto. I dissent from the order, and I dissent from their refusal to conduct an oral hearing at least to determine if what they order is feasible and is capable of accomplishment of its announced objective.
 
 
 16
 My concept of the rules under which stays should be granted or withheld was set forth in Long v. Robinson, 432 F. 2d 977 (4 Cir. 1970). And, as pointed out in Long, the rules governing the granting of this extraordinary relief are stricter where, as here, the matter has been carefully considered by the district judge and relief has been denied. I am, of course, unable to debate the proper application of those rules by reason of my brothers' silence. It suffices to say that nothing in the papers convinces me that under Long a stay should be granted, and I would infer from the lack of any reasons advanced by the court for its action that either Long has been totally ignored or that Long has been considered and no reasons sufficient to meet its test for granting relief have been discovered.
 
 
 17
 Finally, I protest the refusal of the court to permit me and the other judges to hear argument on the applications and the responses. In a case and matter of this importance, it would seem to me to be elementary fairness to the parties and to the judges of the court to permit all to explore in oral argument the merits and demerits of possible courses of action. Additionally, the court has entered an order in a form requested by no one. While it grants a stay, it purports to protect the plaintiff's rights. Whether it is feasible and workable, or whether it is an empty gesture, is a matter of speculation. I would think that the court would at least want the assurances that its order is not futile that might stem from oral argument.
 
 
 
 *
 Circuit Judge WINTER would grant an oral hearing on the motion for a stay and the responses thereto, but would not grant a stay without such a hearing. He joins in the order insofar as it accelerates the appeal and establishes a schedule for the filing of the briefs and a hearing
 Circuit Judge ALBERT V. BRYAN was not present and took no part in the consideration and disposition of these motions.
 Circuit Judge BUTZNER did not participate in the consideration or decision of these motions because, as United States District Judge, he presided over this case from 1962 until 1967. 28 U.S.C. Sec. 47; see Wright v. Council of City of Emporia, 442 F.2d 570, 575 (4 Cir., 1971); Swann v. Charlotte-Mecklenburg Bd. of Educ., 431 F.2d 135 (4 Cir., 1970).